**EXHIBIT H**



**St. Onge Steward Johnston & Reens LLC**

986 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155
(203) 327 1096
ssjr.com

March 10, 2010

VIA EMAIL
michael.burling@ropesgray.com

Michael S. Burling
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Re:  AstraZeneca v. Apotex (budesonide)
     Consolidated Civil Action N. 08-cv-1512 (RMB)(AMD)

Dear Michael:

I write to address your letter of February 25, 2010, concerning AstraZeneca's assertion of privilege in certain Swedish documents.

As a preliminary matter, though we disagree with AstraZeneca's privilege claim with respect to document AZ1343541, we are returning it (under separate cover) as required by Discovery Confidentiality Order in this case.

Your letter states that AstraZeneca disagrees with the statement in my previous letter that communications with in-house counsel in Sweden relating to a Swedish application are not protected by an attorney-client privilege, and you note that my letter did not cite any legal authority in support of this statement. I first note that it is AstraZeneca's burden to establish that the attorney-client privilege exists in each country for which it makes a privilege claim, not Apotex's burden to establish that it does not.

Nevertheless, we note that it is well understood that there is no attorney-client privilege for in-house counsel in Sweden. *See, e.g., http://www.lexmundi.com/ images/lexmundi/PDF/AttyClient/2009Update/Attorney_Client_Update8.09_Main_ Document.pdf.* The case law you cite is inapposite.

In *Santrade*, the district court considered whether the attorney-client privilege applied to patent agents in Sweden. *Santrade, Ltd. V. General Elec. Co.*, 150 F.R.D. 539, 546 (E.D.N.C. 1993). The Plaintiff submitted an affidavit attesting to

Michael Burling<br>
March 10, 2010<br>
Page 2

the fact that the attorney-client privilege exists in Sweden, and the court ruled that, in the absence of any evidence that there was a distinction between lawyers and patent agents, it would assume there was not, as is the case in various other countries. *Id.* *Saxholm* simply cited *Santrade* for the same proposition. *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 338 (E.D.N.Y. 1996).

As explained by another Court, the decision in *Santrade* was simply based on an affidavit stating that the attorney-client privilege exists, and an assumption in that case about its extension in the absence of other evidence. *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69 (S.D.N.Y. 2006). As the *Rivastigmine* court explained, citation to the *Santrade* decision does not satisfy one's burden to show the applicability of the privilege in Sweden. *Id.* (ordering disclosure of Swedish documents).

The attorney-client privilege that exists under Swedish law is conferred by Chapter 36, Section 5 of the Swedish Procedural Code. Thus, the attorney-client privilege in Sweden exists only between clients and members of the Swedish Bar Association (bearing the title "advokat"). Only lawyers in private practice are allowed membership in the SBA. In-house counsel are not permitted to be members of the SBA. You can review the explanation of this, and the policy reason behind it, on the SBA's website: *http://www.advokatsamfundet.se/ Documents/Advokatsamfundet_eng/From%20Scandinavian%20Studies%20of%20 Law.pdf*.

Thus, we again request that AstraZeneca produce all communications that have been withheld on this basis. Please confirm that AstraZeneca will produce all such documents, or let us know when you are available for a teleconference to discuss.

Sincerely,

David W. Aldrich<br>
daldrich@ssjr.com

c:   Counsel of record (via email)