# EXHIBIT M

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASTRAZENECA LP and ASTRAZENECA AB, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| BREATH LIMITED, | ) | |
| Defendant. | ) | Consolidated Civil Action<br>No. 08 CV 1512<br>(RMB)(AMD) |
| ASTRAZENECA LP and ASTRAZENECA AB, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| APOTEX, INC. and APOTEX CORP., | ) | |
| Defendants. | ) | |

## DECLARATION OF LINDA LANDÉN

I, Linda Landén, hereby declare as follows:

1.      I am an attorney at Frank Advokatbyrå AB, a Swedish law firm specializing in dispute resolution and media, IT & telecoms.

2.      I am specialised in intellectual property law and dispute resolution. I joined Frank Advokatbyrå AB in September 2009. Before joining Frank, I was for many years part of the intellectual property practice at one of the major law firms in Stockholm. I am a member of the Swedish Bar Association (Sw. *Sveriges Advokatsamfund*) and hold the title *Advokat*. I act before Swedish courts and the Swedish Patent Office.

3.      I have been asked by St. Onge Steward Johnston & Reens LLC, counsel for Defendants Apotex Inc. and Apotex Corp., to submit a declaration regarding attorney-client privilege and trade secret privilege under Swedish law and their applicability to in-house counsel in Sweden.

4.      I understand that AstraZeneca has withheld certain documents on the basis of attorney-client privilege, including documents reflecting communications between in-house counsel and other company employees, relating to a Swedish patent application.  I also understand that AstraZeneca claims these documents are undiscoverable under Swedish trade secret law.

5.      Below, I set forth my understanding of the attorney-client privilege under Swedish law, and in particular, its applicability to in-house counsel.  I also set forth my understanding of trade secret protection under Swedish law.

A.      **Introduction**

6.      Issues concerning written evidence are regulated in Chapter 38 of the Swedish Procedural Code (1942:740) (Sw. *Rättegångsbalken*) (the "**Procedural Code**"). Pursuant to Chapter 38, Section 2, anyone having in its possession a written document, which can be assumed to have evidentiary value, is obliged to produce it upon request. Swedish courts can order a party to legal proceedings (as well as any third party) to produce such document at the request of the opposing party. The party obliged to produce the document(s) may be ordered to do so under penalty of fine.

7.      Documents communicated between attorneys and their clients are typically protected under the attorney-client privilege and thereby exempt from the general obligation to produce, upon request, documents of potential evidentiary value. Furthermore, documents containing trade secrets are exempted unless the court finds extraordinary reason to examine the document in question.

**B.**          **The attorney-client privilege**

8.          In Sweden, the attorney-client privilege is codified as an exception to the
obligation to testify under the Procedural Code. In Chapter 36, Section 5 it is
provided that certain professionals – including members of the bar (Sw.
*advokater*) – are not allowed testify on matters they have learnt in their
professional capacity (unless the examination is authorized by law or is
consented to by the person for whose benefit the duty of secrecy is imposed).
Further, pursuant to Chapter 38, Section 2, para. 2 of the Procedural Code, a
professional referred to in Chapter 36, Section 5, is not allowed to produce a
written document if it can be assumed that its contents are such that he or she
may not be heard as a witness with respect to the same document.

9.          The Procedural Code specifically provides that the prohibition on giving
testimony applies to *Advokater*. Other lawyers or legal representatives are not
included among the professionals who, under certain circumstances, are
prohibited from giving testimony. Accordingly, the prohibition in question is
only applicable to lawyers being *Advokater* (i.e. attorneys who are members of
the Swedish Bar Association, see below).

10.          The title *Advokat* is protected by law and may only be used by lawyers who
have been admitted to the Swedish Bar Association. In Sweden, neither in-
house counsels nor patent attorneys are accepted as members of the Swedish
Bar Association. It is mandatory for an *Advokat* becoming employed by any
entity other than a law firm owned by *Advokater,* to leave the Bar Association
and to discontinue using the title of an *Advokat.*

11.          As follows from the above, communications between in-house counsel and
officers, directors and employees of the companies they serve are thus not
protected from disclosure by attorney-client privilege according to Swedish
law.

**C.**      **Trade secret privilege**

12.      Another exception to the rule of producing documents, which may be of
evidentiary value, is made for documents containing trade secrets. The privilege
of a witness to refuse to testify to the extent such testimony involves disclosure
of a trade secret as provided in Chapter 36, Section 6, shall, pursuant to Chapter
38, Section 2, para. 2 of the Procedural Code, correspondingly apply to the
holder of a written document unless there are extraordinary reasons for its
production.

13.      The term *"trade secret"* in the Procedural Code *has essentially the same
meaning* as the term trade secret under the Swedish Trade Secret Protection Act
(1990:409) (Sw. *Lagen om företagshemligheter*) (the "Act").

14.      In Section 1 of the Act, the term trade secret is defined as (i) information
concerning business activities, which (ii) the person or entity conducting the
business wants to keep secret *and* (iii) the divulgation of which would be likely
to cause damage to the business from a competition point of view.

15.      Each of the above stated prerequisites must be fulfilled in order for information
to be considered a trade secret. An assessment must be made not only for each
document, but also for each piece of information – meaning that part of a
document may be considered a trade secret while other parts are not. Hence,
communications between in-house counsel and officers, directors and/or the
parent company are not *per se* considered trade secrets.

16.      Any kind of information relating to the business can be qualified as a trade
secret. Although the definition of trade secrets does not set out any specific
requirements as to what has to be done in order to keep the information secret,
it follows from case law that it must have been *clear* that the information
should be kept secret.

17.   The last prerequisite – that the disclosure of the information is likely to cause damage in terms of competition – substantially limits the definition of a trade secret. Only information relevant to an entity in terms of competition is protected as a trade secret, i.e. the disclosure of the information would affect the company's competitive ability in negative terms.

18.   The Act also takes into account other interests and is based on a *balance of interest*. The interest of the availability of relevant evidence is highly important and must always be balanced against a company's interest of keeping the information secret.

19.   In accordance herewith, the Procedural Code (Chapter 38, Section 2 and Chapter 36, Section 6) provides that, even if documents contain trade secrets, they may be ordered to be produced if the court finds extraordinary reasons to examine the document in question.

20.   There is limited case law or legislative commentary available for guidance when analyzing and determining what could constitute such extraordinary reasons. There are a few cases in which the Swedish Supreme Court has denied disclosure of documents containing trade secrets because no extraordinary reason was considered to be at hand; the documents' significance as evidence in these cases was considered to be limited. However, this illustrates that a company's interest of keeping information secret may indeed be set aside if the document is deemed to have importance as evidence.

I declare under penalty of perjury that the foregoing is true and correct.

Stockholm, 3 June 2010

Linda Landén