[Dkt. Ents. 473, 488, 505, 509, 516, 520, 549, 554, 571, 572, 577, 581, 585, 587, 601, 623, 628, 634, 636, 642, 670, 686, 688, 690, 692, 694, 703, 706, 708, 712]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>        Plaintiffs,<br><br>    v.<br><br>BREATH LIMITED,<br><br>        Defendant. | Consolidated Civil Action<br>No. 08-1512 (RMB/AMD)<br><br>Member cases:<br>   09-1518<br>   09-4115<br>   10-5785<br>   11-3626 |
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>        Plaintiffs,<br><br>    v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>        Defendants. | **ORDER TO SEAL** |
|         Plaintiffs,<br><br>    v.<br><br>SANDOZ, INC.,<br><br>        Defendant. | |

ASTRAZENECA LP and
ASTRAZENECA AB,

```
```

        Plaintiffs,

  v.

WATSON LABORATORIES, INC.

        Defendant.

_____

    THIS MATTER coming before the Court upon numerous motions to seal by the parties [Dkt. Ents. 473, 488, 505, 509, 516, 520, 549, 554, 571, 572, 577, 581, 585, 587, 601, 623, 624, 628, 634, 636, 642, 670, 686, 688, 690, 692, 694, 703, 706, 708, 712]; and

    THE COURT noting that a request to seal in this District is governed by Local Rule 5.3(c), which provides that a request to seal must be presented by motion and describe:

        (a) The nature of the materials or proceedings at issue;

        (b) The legitimate private or public interests which warrant the relief sought;

        (c) The clearly defined and serious injury that would result if the relief sought is not granted; and

        (d) Why a less restrictive alternative to the relief sought is not available.

See L. Civ. R. 5.3 (c)(2); and

    THE COURT noting that Rule 5.3 also provides that any order or opinion on any motion to seal "shall include findings on the factors set forth in (c)(2) . . . as well as other findings required by law . . . ." L. Civ. R. 5.3(c)(5); and

THE COURT noting that Local Rule 5.3 "contains a presumption, based on First Amendment considerations and the common law right of access to judicial records, that materials filed with the Court and judicial proceedings are open to the public," Lite, N.J. Federal Practice Rules, Comment 4 to L. Civ. R. 5.3 (Gann) (citing see Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978)); see generally In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001); and

THE COURT noting that the parties must demonstrate "good cause" for the protection of the documents at issue here in order to overcome the presumptive common law right of public access, United States v. Wecht, 484 F.3d 194, 209 (3d Cir. 2007) (citing Leucadia v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993)) ("[D]ocuments filed with the court are generally subject to the common law right of access unless attached to a discovery motion."); and

THE COURT noting that "good cause" exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking disclosure," Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994); see also Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); and

THE COURT noting that a court may deny a motion to seal where the motion fails to "adequately explain why a less restrictive alternative is unavailable," Celgene Corp. v. Abrika Pharms., Inc., No. 06-5818, 2007 WL 1456156, at *5 (D.N.J. May 17, 2007); L. Civ.

R. 5.3(c)(2)(d); and

THE COURT also recognizing the legitimate interest in maintaining the confidentiality of a party's "trade secret[s] or other confidential research, development, or commercial information," to prevent harm to a litigant's competitive standing in the marketplace, Fed. R. Civ. P. 26(c)(1)(G)[1]; see also In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citing Leucadia, 998 F.2d at 165-66; Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.  The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."); Faulman v. Security Mutual Financial, Civ. No. 04-5083, 2006 WL 1541059, at *1 (D.N.J 2006); Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981); and

THE COURT finding that some of the pending motions seek to seal

---

[1] This Rule provides in relevant part:
    The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.
Fed. R. Civ. P. 26(c)(1)(G).

portions of the record that disclose information relating to the defendants' confidential drug manufacturing processes; and

THE COURT finding that the disclosure of such proprietary trade secrets would cause irreparable harm to the defendants' legitimate business interests and competitive position and therefore establish "good cause" for the protection of such documents; and

THE COURT finding that the least restrictive solution to protecting defendants' interests is to redact those specific portions of the record that pertain to the defendants' confidential manufacturing processes; and

THE COURT finding that some of the pending motions are either overly broad, do not pertain to the defendants' confidential manufacturing processes, or, given the lapse of time, no longer require confidentiality [see Dkt. Ents. 505, 516, 520, 549, 554, 572, 577, 581, 585, 601, 628, 694]; and

THE COURT further noting that while certain motions are properly tailored to only seek redaction of the confidential portions of the record, the parties never filed the relevant documents with such redactions [see, e.g. Dkt. Ents. 642, 670, 686, 688, 690, 703, 708];

FOR THESE REASONS and those set forth by the Court during trial on November 14, 2012, regarding the sealing of the judicial proceedings;

IT IS on this **3rd** day of **April 2013**, hereby:

**ORDERED** pursuant to Local Rule 5.3 that the pending motions to seal are GRANTED with respect to the motions at docket entries 473, 488, 509, 571, 587, 623, 634, 636, 642, 670, 686, 688, 690, 692, 703, 706, 708, 712; and it is further

**ORDERED** that to the extent the above-listed motions request that certain <u>portions</u> of the documents at issue be sealed, the respective parties shall file copies of such documents <u>with the requested redactions</u> on or before **April 11, 2013**; and it is further

**ORDERED** that the remaining motions to seal are DENIED WITHOUT PREJUDICE [Dkt. Ents. 505, 516, 520, 549, 554, 572, 577, 581, 585, 601, 628, 694], but the documents at issue in these motions shall be TEMPORARILY SEALED until the earlier of (1) **April 11, 2013**, or (2) a renewed motion to seal.

                                          s/Renée Marie Bumb  
                                          RENÉE MARIE BUMB  
                                          United States District Judge