[Dkt. Ent. 1029]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>       Plaintiffs,<br><br>           v.<br><br>BREATH LIMITED,<br><br>       Defendant. | Consolidated Civil Action No. 08-1512 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>       Plaintiffs,<br><br>           v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>       Defendants. | |
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>       Plaintiffs,<br><br>           v.<br><br>SANDOZ, INC.,<br><br>       Defendant. | |
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>       Plaintiffs,<br><br>           v.<br><br>WATSON LABORATORIES, INC.,<br><br>       Defendant. | |

1

This matter comes before the Court upon Defendants' motion to strike the reply expert report of Peter R. Mathers. (Dkt. Ent. 1029.) Defendants seek to exclude Mr. Mathers' report on grounds that his expert report was untimely and his proposed testimony fails to satisfy Federal Rules of Evidence 702 and 403.

On September 26, 2014, this Court issued an Order to Show Cause as to why AstraZeneca "should not be judicially estopped from taking a position that appears to be directly contradicted by AstraZeneca's prior position before this Court (and which this Court believed to be undisputed)." (Dkt. Ent. 1052 at 16.) AstraZeneca filed a timely response to that Order to Show Cause. Judicial estoppel is an extraordinary remedy and should be applied only in a case where there has been an affront to the Court's integrity. See Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 777-78 (3d Cir. 2001). As the Court held on the record, there was no bad faith on the part of AstraZeneca. AstraZeneca has clarified its comments as going to the issue of motivation – which AstraZeneca has now conceded. AstraZeneca has disputed, however, that persons of skill in the art, as well as the FDA, understood that the 1997 Proposed Rules did not cover suspensions. Thus, the Court will not judicially estop AstraZeneca from asserting this position at this trial.

Turning to the admissibility of the Mathers report, the Court will continue to reserve decision but will permit the testimony at trial. Although the Court performs a "gatekeeping" function regarding expert testimony, federal courts have held that this function "is relaxed in the context of a bench trial because a court is better equipped than a jury to weigh the probative value of expert evidence. See United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005) ('There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.')." Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc., 2012 WL 1551709, at *23 (D.N.J. April 30, 2012).

> [A] district court conducting a bench trial may admit evidence during the trial, subject to the understanding that the court may later exclude it or disregard it if it turns out not to meet the standards for reliability and relevancy established by Rule 702. See In re Salem, 465 F.3d 767, 777 (7th Cir.2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."). "[T]he court in a bench trial need not make reliability determinations before evidence is presented, [however], the determinations must still be made at some point."

Id. (citations omitted); see also Seaboard Lumber Co. v. U.S., 308 F.3d 1283, 1302 (Fed. Cir. 2002) ("While these concerns are of lesser import in a bench trial, where no screening of the factfinder can take place, the Daubert standards of relevance

3


and reliability for scientific evidence must nevertheless be met."); Suter v. General Acc. Ins. Co. of Am., 424 F.Supp.2d 781, 790 (D.N.J. 2006) ("Courts have also 'recognized that in the context of a bench trial, evidence should not be excluded under Rule 403 on the grounds that it is unfairly prejudicial, because the Court is capable of assessing the probative value of the article and excluding any arguably improper inferences.'" (citations omitted)).

ACCORDINGLY, FOR THESE REASONS, **IT IS** on this, the **10th** day of **October 2014**, hereby

**ORDERED** that the Court RESERVES decision on Defendants' motion to exclude the expert report of Mr. Mathers; and it is further

**ORDERED** that the Court will hear Mr. Mathers' testimony and Defendants' objections as set forth in their papers, including timeliness, are preserved for the record.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE